IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03211-RBJ

TANG TUAN PHAM,

      Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

      Respondents.

---

## ORDER

---

This matter comes before the Court on petitioner Tang Tuan Pham's (petitioner) "Petition for a Writ of Habeas Corpus" (Petition), ECF No. 1, and "Motion for Temporary Restraining Order" (TRO), ECF No. 2. Among other relief, petitioner requests that the Court grant a writ of habeas corpus ordering respondents to immediately release him from custody. *See* ECF No. 1 at 11.

At present, the Court will not yet weigh in on the merits of Mr. Pham's petition but hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove him from the United States during the pendency of

1

these proceedings.  The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

Mr. Pham, a 29-year-old citizen of Vietnam, entered the United States on or about October 14, 2024.  ECF No. 1 at 5.  He was placed in expedited removal proceedings.  *Id.*  He received a Credible Fear Interview (CFI) with an immigration officer on November 26, 2024, at which the officer denied his claim.  *Id.* at ¶ 24. Mr. Pham sought review of that determination with an immigration judge (IJ) in December 2024.  *Id.*  The IJ vacated that negative credible fear determination.  *Id.* Following his release, Mr. Pham filed an affirmative application for asylum with USCIS on March 7, 2025.  *Id.* at ¶ 25.  Several months later, in August 2025, ICE initiated removal proceedings against him.  ECF No. 1 at ¶ 23.  While detained, Mr. Pham submitted a second asylum application on September 8, 2025, this time in conjunction with his active removal proceedings.  *Id.* at ¶ 26.  Finally, on January 26, 2026, the IJ granted Mr. Pham's application for withholding of removal under INA § 241(b)(3).  In the alternative, she ordered his removal to Vietnam.  *Id.* at ¶ 28. That grant of withholding has been administratively final since February 25, 2026.

Petitioner challenges his detention at the Aurora ICE Processing Center.  He continues to be detained despite being granted withholding of removal under INA § 241(b)(3).  *Id.* at ¶ 28; ECF No. 2 at 1.  Petitioner requests that this Court order his release  forthwith,  or  in  the  alternative,  schedule  a  bond  hearing  before  an

immigration judge at which the burden shifts to the government to justify his continued detention. ECF No. 1 at 11 (¶ 4). This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen detained within the judicial district. *See Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 948-49 (D. Colo. 2025) (listing cases).

To protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the Motion only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado and respondents are ordered to show cause, within 14 days of service of this Order, as to why the writ should not be granted. At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the expedited nature of habeas proceedings and the urgency of a particular petitioner alleging unlawful detention. Nevertheless, these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent they have not done so yet, no later than Wednesday, July 22, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents

3

are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: July 21, 2026                    BY THE COURT:


R. Brooke Jackson
Senior United States District Court Judge