IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03211-RBJ

TANG TUANG PHAM,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Tang Tuang Pham's ("petitioner") Application for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and Motion for Temporary Restraining Order ("TRO"), ECF No. 2. Mr. Pham seeks an order declaring his current immigration detention unlawful under the Due Process Clause and asks this Court to order his release. ECF No. 1 at 10; ECF No. 2 at 5. Respondents maintain that petitioner's detention is lawful, but they have declined to file a responsive brief, and they recognizes that the Court might grant the Petition; if so, they state that the appropriate relief would be to order release on conditions to be set by the Department of Homeland Security ("DHS"). ECF No. 7.

For the reasons set forth below, the Court agrees that petitioner's current detention is unlawful and orders that respondents release him forthwith.

## I. Background

Mr. Pham is a Vietnamese national. He entered the United States on or about October 14, 2024, and was placed in expedited removal proceedings. ECF No. 1 at 5. On November 26, 2024, he received a Credible Fear Interview ("CFI") before an immigration officer, at which the officer denied his claim. *Id.* at ¶ 24. Mr. Pham sought review of that determination with an immigration judge ("IJ") in December 2024. The IJ vacated the negative credible fear determination. *Id.* Following his release, Mr. Pham filed an affirmative application for asylum with USCIS on March 7, 2025. *Id.* at ¶ 25. Several months later, in August 2025, ICE initiated removal proceedings against him. ECF No. 1 at ¶ 23. While detained, Mr. Pham submitted a second asylum application on September 8, 2025, this time in conjunction with his active removal proceedings. *Id.* at ¶ 26. Finally, on January 26, 2026, the IJ found Mr. Pham removable to Vietnam but simultaneously granted Mr. Pham's application for withholding of removal under INA § 241(b)(3). *Id.* at ¶ 28. The removal order and grant of withholding have been administratively final since February 25, 2026.

On July 16, petitioner filed his habeas petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner argues that his detention violates his due process rights because he has been detained beyond the presumptively reasonable six-month period

recognized in *Zadvydas* without receiving an individualized justification for his continued detention and it is not significantly likely that he will be removed in the reasonably foreseeable future.[1] *Zadvydas v. Davis,* 533 U.S. 678 (2001).

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas,* 533 U.S. 678. Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

Petitioner challenges his continued detention under § 1231 and the Due Process Clause. Mr. Pham has been in immigration detention for almost a year, including more than six months since his grant of withholding and removal order

---

[1] The Court notes that when the petition was filed, the six-month presumptively reasonable period under *Zadvydas* had not yet elapsed. Petitioner's order of removal and grant of withholding from removal became administratively final on February 25, 2026. Six months from that date is on or about August 25, 2026.

became administratively final. He contends that his removal is not reasonably foreseeable because of the grant of withholding of removal. ECF No. 1 at ¶ 41.

There is no dispute that Mr. Pham's detention under § 1231 has exceeded the presumptively reasonable six-month period established by *Zadvydas*. 533 U.S. at 701. And Mr. Pham is unlikely to be removed in the reasonably foreseeable future. He has a valid grant of withholding of removal from the IJ, and the government has neither identified a third country to which it could remove him nor argued that diplomatic circumstances in Vietnam have changed in a manner that would facilitate Vietnam's acceptance of him anytime soon. In fact, respondents have offered no evidence to undermine Mr. Pham's allegations that his continued detention is unlawful, and their response brief effectively concedes as much. Although respondents contend that petitioner's detention is lawful, they offer no substantive basis for that contention.

The Court therefore concludes that Mr. Pham's continued detention is unconstitutional.

It is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.

2. As petitioner's motion for a TRO seeks the same relief set forth in the Petition, ECF No. 2, then to the extent that motion was not previously granted, it is now DENIED as moot.

3. Respondents MAY NOT impose additional release conditions other than those that petitioner was subject to prior to his current detention.

4. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

It is SO ORDERED.[2]

Dated: August 27, 2026 BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

[2] To the extent petitioner seeks attorneys' fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.